UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DAMIONE BROCK                                        CIVIL ACTION NO. 15-cv-2586

VERSUS                                               CHIEF JUDGE HICKS

N. BURL CAIN, ET AL                                  MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Damione Brock ("Petitioner") pleaded guilty in a Caddo Parish state court to possession of cocaine, resisting a police officer, attempted disarming of a police officer, and battery of a police officer. He was adjudicated an habitual offender and given an enhanced sentence of 60 years for the cocaine conviction. Shorter consecutive sentences were imposed on the other counts.

Petitioner filed a motion to suppress, which the trial court denied. Petitioner then entered a conditional guilty plea pursuant to State v. Crosby, 338 So.2d 584 (La.1976), which allowed him to appeal the denial of his motion to suppress. Tr. 495-500. The trial court decision was affirmed on appeal. State v. Brock, 91 So.3d 1003 (La. App. 2d Cir. 2012), writ denied, 98 So.3d 826 (La.). Petitioner also pursued a post-conviction application in state court. He now seeks federal habeas corpus relief on the grounds that the trial court erred when it (1) denied his motion to suppress and (2) rejected his claim that the State used altered audio-video evidence at the suppression hearing. For the reasons that follow, it is recommended that the petition be denied.

**Relevant Facts**

The evidence at the suppression hearing showed that two Caddo Parish deputies were on patrol when they stopped Petitioner for speeding and failure to dim his headlights. They checked his license and registration. The dispatcher told them that there was an active warrant for Petitioner from the Shreveport City Court for driving under suspension and no liability insurance.

The deputies told Petitioner that he was being arrested based on the warrant, and Petitioner tried to flee. The deputies wrestled him to the ground. During the struggle, Petitioner tried to grab the one deputy's gun from his holster. After Petitioner was brought under control, he was searched and found to have cocaine. He was charged with possession of cocaine greater than 28 grams but less than 200 grams, plus resisting arrest, battery, and attempting to disarm the deputy.

Defense counsel Patricia Gilley pointed out at the hearing that the warrant was 10 years old, was not signed by a judge, and included a notation instructing the arresting agency to validate the warrant with the Shreveport City Court computer warrant file. The deputies testified that it was the policy of the sheriff to arrest any person they encountered who had an outstanding arrest warrant.

Judge Craig Marcotte gave oral reasons for denying the motion to suppress. He noted that there had been no evidence presented that the warrant was invalid, and he found that the officers acted in good faith when they arrested Petitioner based on the warrant.

The deputies were then entitled to conduct a search incident to the arrest, which led to the other charges. Tr. 460-64.

The state appellate court reviewed the facts and applicable law in detail and determined that the good-faith exception of U.S. v. Leon, 104 S.Ct. 3405 (1984) applied and that suppression was not warranted. The court also cited Herring v. U.S., 129 S.Ct. 695 (2009), which involved an arrest based on a warrant that was listed in a database but determined later to have been recalled. The recall had not been entered into the database, so the officers acted in objective good-faith reliance on the warrant. The Supreme Court of Louisiana denied writs without comment.

**Analysis**

    **A. Denial of Motion to Suppress**

Petitioner argues that the state court got it wrong on his motion to suppress because the warrant may have been invalid and his arrest was made without "true probable cause." A federal habeas court is generally barred from reviewing Fourth Amendment claims. Stone v. Powell, 96 S.Ct. 3037 (1976). In Stone, the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 96 S.Ct. at 3037. To satisfy the "opportunity for full and fair litigation" requirement, the state need only provide the processes whereby a defendant can obtain full and fair litigation of a Fourth Amendment claim. Stone bars federal habeas consideration of that claim whether

or not the defendant employs those available processes. Janecka v. Cockrell, 301 F.3d 316, 320 (5th Cir. 2002).

The State did not raise Stone in its brief, but the Fifth Circuit has held that the court is obliged to apply Stone even if it must be raised sua sponte. Davis v. Blackburn, 803 F.2d 1371 (5th Cir. 1986). The bar is fully applicable here. Louisiana law provides an opportunity for a full and fair litigation of Fourth Amendment claims, and Petitioner took full advantage of that process. He had an evidentiary hearing, received detailed reasons from the trial court for the denial of his motion, and litigated the issues on appeal. The federal court is now barred from considering his Fourth Amendment arguments on habeas review.[1]

---

[1] Subject to a few exceptions, a petitioner who has pleaded guilty may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. Class v. United States, 138 S. Ct. 798, 803 (2018); Tollette v. Henderson, 93 S.Ct. 1602, 1608 (1973). A Fourth Amendment claim ordinarily may not be raised in a habeas proceeding following a plea of guilty because of "the simple fact that the claim is irrelevant to the constitutional validity of the conviction," which is the issue on habeas review. Haring v. Prosise, 103 S. Ct. 2368, 2377 (1983).

But when a conditional plea, such as the Crosby plea entered in this case, allows a defendant to challenge a suppression ruling on appeal in state court then he may also challenge the suppression ruling in a habeas petition. Lefkowitz v. Newsome, 95 S.Ct. 886 (1975). However, Stone distinguished Lefkowitz to the extent it includes Fourth Amendment claims by a habeas petitioner who was afforded an opportunity to litigate the claims in state court. Stone, 96 S.Ct. at 3045 n. 14. See Mitchell v. Superior Court for Santa Clara Cty., 632 F.2d 767, 771 n.1 (9th Cir. 1980); Nordahl v. Rivera, 2013 WL 1187478, **8-9 (S.D.N.Y. 2013); and Licari v. Dingle, 2006 WL 3827524, *10 (D. Minn. 2006). Thus, a prisoner who enters a conditional guilty plea may be able to challenge some suppression rulings in a habeas petition, but Fourth Amendment challenges are still subject to Stone's bar on habeas review.

### B. Altered Audio-Video Evidence

Petitioner's other claim is that the State somehow used "digital imaging" or "digital holograms" to alter the audio and video recordings of the traffic stop. He contends that the recordings were altered to reflect that a different deputy was actually driving the car, to omit a statement made by Petitioner that he did not have a warrant, and to alter the depiction of who conducted a pat-down search. The record contains a letter from attorney Patricia Gilley, who states that Petitioner began suggesting to her that there was a discrepancy with one or the other of the DVDs that she fought hard to obtain from the sheriff. Ms. Gilley wrote that she could find no such discrepancy, and the tapes viewed in court at the suppression hearing were identical to the ones she had in her possession. Ms. Gilley has a reputation for fully exploiting any such weaknesses or discrepancies in the government's facts, and she would not be shy about raising such matters if there were a factual basis.

Petitioner presented a claim in his post-conviction application that the State "knowingly used altered video surveillance evidence" at the suppression hearing. Tr. 1006-11. The arguments were similar to those presented here. The trial court summarily denied the claim for "having no merit." Tr. 1104-05. The appellate court summarily denied a writ application "on the showing made", and the Supreme Court of Louisiana denied writs without comment. Tr. 1684, 1999. The State argues that Petitioner did not exhaust the claim because he did not properly present it in his appellate applications. Petitioner argues in his traversal that the claim was presented in those briefs. The court need not resolve the exhaustion or related procedural bar issues because the claim must be denied under the Stone doctrine.

Petitioner's argument regards the interpretation of evidence admitted at the suppression hearing or failure to produce accurate information to the defense. Even if he were to persuade a federal court that the evidence had been altered, that would not overcome Stone's bar against habeas reexamination of Fourth Amendment claims. Whether an argument is directed at the final ruling on a Fourth Amendment claim or evidentiary issues or other rulings that took place during a suppression hearing, all such matters are beyond habeas review under the Stone doctrine. Even if a claim is labeled a "false evidence" or other claim that is ordinarily cognizable on habeas review, Stone bars consideration if the evidence complained of was sought for use in litigating a Fourth Amendment claim. O'Quinn v. Estelle, 574 F.2d 1208 (5th Cir. 1978).

Petitioner also cites Brady v. Maryland, 83 S.Ct. 1194 (1963) in support of this claim. Section 2254(d) allows for habeas relief when a state court adjudication is contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court. This refers to holdings of the Supreme Court as of the time of the relevant state court decision. Yarborough v. Alvarado, 124 S.Ct. 2140, 2147 (2004). A decision by a federal circuit court, even if compelling and well-reasoned, cannot satisfy the clearly established federal law requirement under § 2254(d)(1). Glebe v. Frost, 135 S.Ct. 429, 431 (2014).

The Supreme Court has held that there is no right to receive impeachment information prior to entering a guilty plea. U.S. v. Ruiz, 122 S.Ct. 2450 (2002). But it has "yet to decide whether the Brady right to exculpatory information, in contrast to impeachment information, should be extended to the guilty plea context." Brian R. Means,

Postconviction Remedies § 36:3. Accordingly, there is no basis for a <u>Brady</u> claim related to the information the State provided or did not provide before the suppression hearing.

In the absence of allegations that the processes provided by a state to litigate Fourth Amendment claims are routinely or systematically applied in a way to prevent the actual litigation of Fourth Amendment claims on the merits, <u>Stone</u> forecloses review. <u>Moreno v. Dretke</u>, 450 F.3d 158, 167 (5th Cir. 2006). The <u>Stone</u> bar applies even when the state court erred in the disposition of the Fourth Amendment claim on procedural grounds. <u>Williams v. Brown</u>, 609 F.2d 216, 219-20 (5th Cir. 1980). Petitioner is not entitled to habeas relief from his convictions bases on any of the claims raised in his petition.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's petition for writ of habeas corpus be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar

that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 21st day of March, 2018.

Mark L. Hornsby
U.S. Magistrate Judge